LACY CEDOTAL
v.
SETH L. TOLLESON, UNITED SERVICES AUTOMOBILE ASSOCIATION, JOSEPH W. WILLIAMS, FARM BUREAU INSURANCE COMPANY.
No. 2007 CA 0155.
Court of Appeal of Louisiana, First Circuit.
April 16, 2008.
NOT DESIGNATED FOR PUBLICATION.
ELISABETH W. RAMIREZ, Attorney for Plaintiff-Appellant, Lacy Cedotal.
SHARON RYAN RODI, GREGORY F. ROUCHELL, Attorneys for Defendants-Appellees. the city of covington and St. Paul Fire and Marine Insurance Company.
Before: CARTER, CJ., PARRO, KUHN, PETTIGREW, and WELCH, JJ.
PETTIGREW, J.
In this tort action, plaintiff, Lacy Cedotal, appeals the trial court's granting of summary judgment in favor of defendant, St. Paul Fire and Marine Insurance Company ("St. Paul"). For the following reasons, we reverse and remand.

FACTS AND PROCEDURAL HISTORY
On April 13, 2002, Ms. Cedotal was a guest passenger in a pickup truck, operated by Seth L. Tolleson, traveling in a westerly direction on West 15th Avenue in Covington, Louisiana. At approximately the same time, Joseph W. Williams was operating a pickup truck, southbound, on Louisiana Highway 21, near its intersection with West 15th Avenue. As Mr. Tolleson approached the intersection of Highway 21 and West 15th Avenue, he failed to stop at the stop sign governing the intersection and collided with the Williams' vehicle.
Following the accident, Ms. Cedotal filed the instant claims for damages against Mr. Tolleson, Mr. Williams, and their liability insurers. In supplemental and amending petitions, Ms. Cedotal added the City of Covington and its liability insurer, St. Paul, as defendants, alleging that the City "was responsible to maintain the intersection of West 15th Ave. and Louisiana Highway 21 in the City of Covington, such that there would be no obscurements to the vision of drivers traveling on West 15th Ave. and Louisiana Highway 21." Ms. Cedotal further amended her petition, subsequently adding as a defendant the State of Louisiana, Department of Transportation and Development.
Thereafter, the City filed a motion for summary judgment, which was granted by the trial court.[1] Apparently, after the trial court rendered summary judgment in favor of the City, St. Paul filed an identical motion for summary judgment arguing that if the City was not liable to Ms. Cedotal for her damages, then clearly it could not be held liable as the City's insurer. We can find no evidence in the record that a hearing date was scheduled for St. Paul's motion, nor does St. Paul's motion and supporting evidence appear in the record. Rather, on July 6, 2006, the following judgment was executed by the trial court and certified as final and appealable:
Considering the foregoing Motion for Summary Judgment filed on behalf of defendant, St. Paul Fire and Marine Insurance Company (incorrectly identified in the Second Supplemental and Amending Petition as St. Paul's Fire and Marine Insurance Company);
IT IS HEREBY ORDERED that the Motion for Summary Judgment filed on behalf of St. Paul Fire and Marine Insurance Company is GRANTED, and any and all claims of plaintiff, Lacy Cedotal, against defendant, St. Paul Fire and Marine Insurance Company, are hereby DISMISSED, WITH PREJUDICE, at plaintiffs cost.
In a footnote to the judgment, the trial court acknowledged its previous dismissal of Ms. Cedotal's claims against the City: "Because this Court has already determined that the City of Covington is not liable to plaintiff as a matter of law, then the same necessarily holds true for Defendant, the City's insurer. As such, oral argument is unnecessary for purposes of Defendant's motion." It is from this judgment that Ms. Cedotal has appealed.

DISCUSSION
At the outset we note that La. Code of Civ. P. art. 966 clearly intends that the procedure under it will be carried on contradictorily with adverse counsel, or party, and that a time shall be fixed by court order for a hearing to be held at least ten days after service of the motion on opposing counsel, or party, which method would afford the adverse party a reasonable opportunity to appear and to present evidence and argument. Macaluso v. Macaluso, 99-0935, pp. 5-6 (La. App. 1 Cir. 5/12/00), 762 So.2d 180, 183. In the instant case, there was no such opportunity for Ms. Cedotal to appear and present evidence and argument in opposition to St. Paul's motion for summary judgment. The record demonstrates that the trial court erred in rendering a judgment without first affording Ms. Cedotal an opportunity to appear and be heard on the issues raised in St. Paul's motion for summary judgment. Moreover, for the sake of argument, we note that had the trial court set the matter for hearing and the parties presented the same arguments and evidence they submitted in Cedotal I (as is indicated in the parties' respective briefs to this court), the summary judgment rendered in favor of St. Paul was in error for the same reasons cited in Cedotal I and would still warrant reversal.

CONCLUSION
For the above and foregoing reasons, the trial court's judgment granting summary judgment in favor of St. Paul Fire and Marine Insurance Company is reversed, and the matter is remanded for further proceedings consistent with this opinion. All costs associated with this appeal are assessed against St. Paul Fire and Marine Insurance Company. We issue this memorandum opinion in accordance with Uniform Rules  Courts of Appeal, Rule 2-16.1B.
REVERSED AND REMANDED.
WELCH, J. DISSENTS.
For the reasons stated in my dissent in a companion case, Cedatol v. Tolleson, XXXX-XXXX (La. App. 1st Cir.) (Cedatol I), decided this same date, I believe the trial court correctly granted summary judgment in favor of St. Paul Fire and Marine Insurance Company as the insurer of the City of Covington, and I would therefore affirm the judgment of the trial court.
NOTES
[1] Ms. Cedotal has separately appealed this judgment. See our unpublished decision in Cedotal v. Tolleson, XXXX-XXXX ("Cedotal I") also decided this same date.